CORA L. DeFOE, Respondent, v. ANTHONY WIL-
MAS, Appellant.

**St. Louis Court of Appeals, February 17, 1903.**

**Sales:** QUALITY OF GOODS: EVIDENCE: SUFFICIENCY OF. Evi-
dence that, out of 600 fruit trees sold plaintiff, all but twelve of
them died, though they were well planted and cared for, and though
similar trees purchased at the same time of other parties did rea-
sonably well, was sufficient to support a finding that they were
not of the quality contracted for.

Appeal from St. Louis County Circuit Court.—*Hon.*
*J. W. McElhinney,* Judge.

AFFIRMED.

*Zach. J. Mitchell* for appellant.

The court should have sustained the demurrer filed
by plaintiff herein, in nature of a motion to strike out
or dismiss the complaint (Anderson v. McClure, 57
Mo. App. 93), to-wit: "Now at the close of all the evi-
dence in the case the defendant demurs to plaintiff's
cause of action and the evidence thereof as now pre-
sented for the reason that the petition does not state
facts sufficient to constitute any cause of action in the
premises nor to support the theory for relief predi-
cated by the evidence. There is no evidence sufficient
to or tending to prove a cause of action in the premi-
ses." And the court erred in not sustaining said de-
murrer. McCary v. Good, 74 Mo. App. 425; Turner
v. Cook, 77 Mo. App. 196.

No brief for respondent.

BLAND, P. J.—The suit was commenced before a
justice of the peace on the following complaint, omitting
caption:

"Plaintiff states that in the month of November, A. D. 1900, defendant sold and delivered to the plaintiff six hundred fruit trees for fifteen cents each; that plaintiff exercised due care and diligence in planting and cultivating said trees, but that, unknown to plaintiff, said trees had been damaged previous to her receiving them, and all but thirty failed to grow.

"Wherefore, the plaintiff prays judgment for one hundred and fifty dollars (the cost of the aforesaid trees and her expense in planting and cultivating the same) and the costs of this action."

After judgment in the justice's court the cause was appealed to the circuit court, where the issues were submitted to the judge, sitting as a jury, who after hearing the evidence found the issues for plaintiff and rendered judgment in her favor from which defendant, after taking the usual steps to preserve his exceptions to the rulings of the court, appealed.

For plaintiff the evidence. tends to prove that in the fall of 1900 she purchased 600 young apple trees of the defendant at fifteen cents per tree and afterwards paid the purchase price, less ten dollars; that all the trees, except twenty-five, which were "heeled in" were set out within three days after they were delivered, at a cost of about five cents per tree; that the ground was well prepared and the trees properly planted; that of the five hundred and seventy-five set out, only thirty or thirty-two budded in the following spring and of these only twelve lived through the summer; that all of the twenty-five that were "heeled in" in the fall were dead in the following spring and for that reason were not set out; that she bought two other lots of apple trees from other nurseries the same fall and set them out and cared for them in the same manner as those she bought of the defendant; that the greatest loss of these other trees was twenty-five per cent.

For the defendant the evidence tended to show that all the trees were grown in defendant's nursery; that

they were healthy and thrifty and in good condition; that they were taken from the nursery only four or five days before delivery to plaintiff; that after being taken out of the nursery they were sprayed and wrapped in damp straw and were kept in good condition until delivered to plaintiff and were sound and in excellent condition when delivered; that the year 1901 was extremely dry and hot and many young and old orchard trees as well as forest trees died from the effects of the heat and drouth.

At the close of all the evidence the defendant asked the following declarations of law:

"1. Now at the close of all the evidence in this cause, the defendant, Anthony Wilmas, demurs to plaintiff Cora L. DeFoe's cause of action, and the evidence thereof as now presented, for the reasons that the petition does not state facts sufficient to constitute any cause of action in the premises, nor to support the theory for relief predicated by the evidence.

"2. There is no evidence sufficient to, or tending to prove a cause of action in the premises," which the court refused to give. No further declarations of law were asked and none were given.

The only question presented by the record for consideration is whether there is any substantial evidence in support of the finding and judgment of the circuit court. The fact that out of the six hundred trees but twelve lived, in the light of the evidence that they were well planted and cared for and that other lots of apple trees received and planted about the same time by plaintiff did reasonably well and that not over twenty-five per cent of them died, is very persuasive evidence that the trees furnished by defendant were not of the quality plaintiff bought and should have received.

The judgment is affirmed. *Reyburn* and *Goode, J. J.*, concur.